All right, that was a much smoother handoff. Our final case for today's arguments is the United States against Onamuti, and we have Ms. Rameh for the defense and Mr. Rice for the government. We seem to have everybody, so Ms. Rameh, you may proceed. Thank you, Your Honor. Good afternoon, and may it please the court. My name is Ms. Rameh Rice, and I'm here to defend Mr. Onamuti. A hearing on a motion to withdraw a guilty plea should be granted freely whenever the motion sets forth a fair and just reason for withdrawal. Mr. Onamuti's supplemental motion to withdraw set forth one such reason. He had not been adequately counseled, as required by the Supreme Court in Padilla and Lee, about the risk of deportation consequences from his guilty plea. The district court abused its discretion when it denied him the opportunity to prove the prejudice, his prejudice. The Supreme Court has recognized the near inevitability of deportation for a defendant convicted of an aggravated felony. So, Ms. Rameh, what are we to make? I realize most of the time this is mentioned in the plea hearing, it's phrased in terms of may have this effect, etc., but toward the end of the paragraph on immigration consequences, it says he affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is removal. That's pretty broad. So, why are we to disregard that? And I actually have a second question, which is a somewhat different one. How can you show on this record, other than just his word for it that he didn't like the sentence, how can you show prejudice? Wouldn't you need to look at some kind of evidence? Well, Your Honor, in this case, I guess to start with your second question, Mr. Onamuti was attempting to show prejudice, and first of all, you know, he filed the motion prior to being sentenced, so he did not know what sentence. And the evidence in the underlying case seems to have been extraordinarily strong. I mean, he of course wanted to roll the dice. Now he says, contrary to things that he said earlier, that he wanted to roll the dice and go to trial, but it does seem that there was very strong evidence on this tax fraud and identity theft and all the rest material. Sure. Well, and the similar situation in Lee, where while there was, you know, I mean, in most federal cases, to be honest, there is often strong evidence against a defendant, but it is still a defendant's prerogative to try and roll the dice. And whether or not, you know, objective observers may consider it still has the right to weigh his, you know, chance at remaining in the country and rolling the dice and, and seeing if he can beat the charge at a trial. And he has the right to know when he enters into the plea agreement, what the real risks of deportation are. And that's where the Supreme Court has come in and said that there has made this, you know, distinction between cases of where a defendant may slip through the immigration cracks, where a defendant may slip through the immigration cracks, and deportation is essentially assured. And, well, you know, there are potentially some instances where a defendant may slip through the immigration cracks. Ms. Romay, it's Judge Scudder. I have a question. Is your client arguing that the, that the plea, his decision to enter into a plea was the product of ineffective assistance of counsel? He, yes, he argued that in the district court in his motion to withdraw his guilty plea. And so the question... On appeal... No, go ahead. Go ahead. I'm sorry. On appeal, the thrust of our argument on appeal is that he did not have the opportunity to fully prove this because he was denied an evidentiary hearing. And so there is no record, the record wasn't created to be able to say on appeal on the basis of this record, whether or not he actually received ineffective assistance. But on the basis of his allegations and his motion to withdraw his appeal, he was improperly counseled. And the boilerplate language in the plea agreement, as well as the language that the court used in the Rule 11 hearing, did not cure this ineffective assistance. So the issue before us on appeal, as you present it, is the district court's failure to hold an evidentiary hearing on this point. The reason I'm focused on it is the following. I don't know how in the world he could prove ineffective assistance of counsel with respect to the plea unless we know the advice that the lawyer offered. And I'm mindful that I'm thinking forward a bit. It's not my job to represent him, of course, what the consequences are for 2255 going forward. There's a lot of ineffective assistance, you know, that's wrapped up in this request to withdraw his plea. And maybe Mr. Wrights has a view on it on where has there been an adjudication on the merits on the ineffective assistance claim? Has there not? And what are the consequences for 2255? Well, my understanding of the district court's decision in this case was just that the court decided it did not need to hold a hearing because it found his allegations inherently inconsistent with the assertions in the Rule 11 hearing. And there was really no evidence gathered. Right, but district judges deny ineffective assistance claims on the merits without holding hearings all the time. And we conclude that's an adjudication on the merits of the claim. So are you saying, I mean, this is an important point for his future, are you saying that the only issue the district court ruled on is whether to hold an evidentiary hearing and the district court decided no evidentiary hearing was necessary on the motion to withdraw the plea because the record was irrefutable essentially? Because that, at least it seems to me, you could make a decent argument, that's not a straightforward adjudication of ineffective assistance. And at least you wouldn't be precluded forever from raising it. If it's more than that, then we have a different situation. Right. Your Honor, I believe that the court ruled that it did that. I mean, I don't think the court really ever made any specific determination of whether the assistance was ineffective because it essentially ruled that even if there was ineffective assistance of counsel, there was no prejudice because That exchange that you have in mind is exactly the one I have in mind. And what I wondered is whether Judge Sweeney went to prong two of Strickland. I mean, I don't know if we can resolve it, but what, you know, I guess my question is, are you putting before us an argument about ineffective assistance of counsel? No, Your Honor, I'm putting before this court an argument that the district court had an obligation once the allegation was made that set forth a fair and just reason to withdraw his plea. The district court had an obligation to gather evidence on that allegation and that the conclusions that the court reached were not supported. And, you know, Mr. Onomichi could have overcome those conclusions, and it was not a foregone conclusion that his motion was inherently contradictory to his Rule 11 policy. But I see I only have about a minute and a half left. If you'd like to reserve that, we'll turn to Mr. Wright. Thank you, Your Honor. May it please the court, Brian Wright for the United States. I would like to turn the merits, but I guess I would first pick up on what Judge Scudder is asking. I do think that Judge Sweeney's response gets close to an adjudication on the merits, but maybe let me let me answer this the way that we would typically respond to these. If we got an ineffective assistance, the council claim from this case, as is just based on a motion to withdraw. I doubt our office would say that's law of the case. We might cite to it. I doubt it. That being said, if there's a hearing, or if this court remands, and there's a hearing where clearly the issue, whether this plea was knowing or not knowing was ineffective assistance to counsel. So that decision would have to be made. I think it's a certainty that we would push law of the case, and there's no ineffective assistance to counsel, which might be a reason for this court to find that the waiver applies here and leave it for a 2255. If Mr on a movie still wants to claim that his attorney was ineffective hearing for that, and that would be, I think, a little cleaner of a procedural record. And, of course, this court has held that a appeal waiver includes a motion to withdraw. So we would propose that as a way to resolve this case and maybe avoid that issue without preventing Mr on a movie from raising the claim that he wants to hear. So let me just be clear, because I'm looking at the penultimate paragraph of Judge Sweeney's November 26, 2018, order. And I read that as limited to the question whether an evidentiary hearing should be granted. And, of course, the appeal waiver, I mean, he's not the appellate judge, so he's entitled to adjudicate this motion to withdraw. And he bases it on on a Moody's failure to offer his view that on a Moody has offered no evidence whatsoever. Only unsworn assertions not entitled to an evidentiary hearing motion to withdraw is closed. So whether the appeal waiver allows him to complain right now that that was an error would, I think you're right, depend on whether we were going to rely on the ineffective assistance of counsel reservation in the appeal waiver, whether we would just say, well, as of right now, on this record, that's not raised, and the motion to withdraw falls within the appeal waiver, leaving then, as I think you're saying, open for 2255, where he would be able to take advantage of that reservation. Is that roughly where you think we ought to be? Yeah, I think that's correct. I mean, the last paragraph, I suppose you could potentially read it as sort of addressing the Lee Foundation, you know, the Prejudice Foundation. But I think Your Honor's reading of it is fair, if not the more likely. And I would just go back to it. If the court finds this appeal wave. I mean, I'm one of the two people here that response collateral responses. I am pretty much assure the court that we're not going to say that this is the law of the case. You can't raise an ineffective assistance of counsel claim. We haven't done that, at least since I've been here. So I don't think that paragraph would suffice to bar a claim in the future. Mr. Reitz, let me just say I greatly appreciate your candor. Okay. I think this is a very tough transcript for this defendant on where this record stands right now. And his only shot, and it's up to him whether he takes it and what he can put together, is on the merits of an ineffective assistance claim. And I don't see how that could possibly go forward until we hear from the defense lawyer. And the only way to do that is in 2255. Yeah, I think that's correct. I mean, by our briefing, we, of course, don't think he can show prejudice. But deficient performance, or I should say taking prejudice to his side, we don't really have any record on deficient performance. So even if Mr. Anamuti could clear the prejudice hurdle, he would have to hear from his attorney to decide prejudice. And that requires a hearing one way or the other. And I mean, if the court remands here for a hearing on the motion to withdraw, that's essentially an ineffective assistance of counsel hearing. And I don't think there would be any entitlement to two hearings on that point. Can I ask you a somewhat – this is out of left field, a little bit – question. You alluded to the fact that the government's position is, and I think your brief also says this, that there isn't enough difference. This is how I'm putting words in your mouth. But I understand you'd be saying there's not enough difference between the advice that he actually got and what might have been perfect advice, namely an explanation of the aggravated felony provisions of the Immigration Act, to amount to either bad performance or certainly prejudice. And I wonder to what extent is the government relying on things like even if you're an aggravated felon, you might be able to get deferral of removal under the Convention Against Torture. I mean, there are these sort of last gasp opportunities that some people – very few, very few – but some people manage to get. Are you relying on that or are you relying on just things like the language, you know, I'm pleading regardless of immigration consequences? I think the latter, as Your Honor pointed out in the opening portion of the argument, is definitely more pertinent and more compelling for our position. Certainly when someone pleads guilty regardless of removal, that encompasses removal, of course. We agree that what Chazon said, a lot of that is, you know, remote or last gasp. We're not disputing that that's true, though, again, as pointed out in brief, we don't – it's hard to predict the immigration landscape a decade from now. So I don't – it's hard to say for sure that Mr. Onomuchi, like 100 percent, will be deported. I don't think that's fair to say. So there has to be – even the paragon ideal of advice that Mr. Onomuchi did or should have received wouldn't have to include some contingency for that. But the main thing we're relying on on the curative prospects of the plea colloquy and plea agreement would be the language more than the sort of Chazon last gasp. Thank you. That's helpful. You're welcome. Thanks, Your Honor. With that said, if there's no further questions, let me just again point out that regardless of all this, Mr. Onomuchi has not pointed to any contemporaneous evidence, despite having an opportunity to file affidavits or, again, at the sentencing hearing, he essentially reiterated his motion to withdraw and did so without advancing any evidence, and the court gave him pretty extensive leeway to make those claims again, and there's no evidence on that. So if there are no further questions, the government is happy to rest on its brief. Thank you. All right. I see none, so thank you very much. Ms. Romay. Thank you, Your Honor. You know, just to sort of address some of the court concerns, you know, I was glad to hear from Mr. Reitz that if this does go, you know, this appeal is unsuccessful and this does go to a 2255, the government will not assert the proceedings in the district court as a bar to claiming an effective assistance of counsel. I think Mr. Onomuchi effectively claimed it in his motion to withdraw his guilty plea, and therefore, you know, the goal here was to preserve the right to present evidence and have a hearing on the basis of Mr. Onomuchi's claim that he was misled by his attorney and that the rule of an hearing and the sort of general language in the plea agreement did not disabuse him of the idea that this was, you know, a mere potential rather than effectively a foregone conclusion based on the current landscape of immigration law. And, you know, I just I do I don't think anyone is arguing here that the court should be able to predict the immigration landscape, you know, decades in the future. The real question here is, you know, does Mr. Onomuchi have a right to know the current landscape and the current almost, you know, very highly probable consequences of his of his plea? And, you know, we would submit that the answer is yes, and he should be given the opportunity to show that his plea was not knowing and voluntary in a hearing. If the court has no further questions, we ask that this court remand for further proceedings on the motion to withdraw the guilty plea. All right. Thank you very much. Thanks to both counsel. We will take the case under advisement and the court will be in recess.